```
UNITED STATES BANKRUPTCY COURT
    DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| IN Re:<br><br>WILSON JESEPH CENTENO NIEVES<br><br>XXX-XX-5589<br><br><br>DEBTOR (S) | CASE NO. 11-02602-ESL<br><br><br>CHAPTER 13 |

**TRUSTEE'S MOTION TO DISMISS**
**FOR FAILURE TO COMPLY WITH 11 U.S.C. § 1308**

TO THE HONORABLE COURT:

**NOW COMES** José R. Carrión, Standing Chapter 13 Trustee (hereinafter, the "Trustee"), through the undersigned attorney, and very respectfully alleges and prays:

1. The Section 341 Creditor Meeting in this case was held on **July 28, 2011**. In compliance with 11 U.S.C. § 1308 (b) (1) and after the relevant inquiry, the Trustee decided to hold the meeting open, **15** days, pending Debtor(s)' remittance of evidence of filing all applicable tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

2. Through notice filed on **August 11, 2011, docket no.21,** the Trustee closed the section 341 meeting and certified that debtor(s) has/have not provided evidence of filing the applicable tax returns in compliance with 11 U.S.C. § 1308.

3. Bankruptcy Code the sections §§ 1307(e) and 1308 provides:

On its relevant part, Section 1307(e) provides:

> Upon the failure of the debtor to file a tax return under *section 1308*, **on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title,** whichever is in the best interest of the creditors and the estate.

On its relevant part, Section 1308 provides:

> (a) Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under *section 341(a)*, if the debtor was required to file a tax return under **applicable non-bankruptcy law, the debtor shall** file with appropriate tax authorities **all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.**
>
> (b)(1) Subject to paragraph (2), if the tax returns required by subsections (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under *section 341(a)*, the trustee may hold open that meeting **for a reasonable period of time** to allow the debtor an additional period of time to file any unfiled returns. (Added emphasis).

4. In In re Cushing, 401 B.R. 528 (B.A.P. 1st Cir. 2009), the Bankruptcy Appellate Panel of the First Circuit reviewed the legislative history behind *§§ 1307* and *1308* and explained that Congress enacted the statutes first "*to help state revenue agencies figure out whether they had claims against the debtor*," and second, "*to punish debtors who were delinquent in filing tax returns, by withholding confirmation until they did so*." Cushing, 401 B.R. at 533-34. Clearly, the trustee is given discretion in *§ 1308* to hold open the *§ 341* meeting for a finite period of time to allow the debtor to file the tax returns. Id. at 538.

5. In light of the aforementioned legal requirements and the Debtor(s)' failure to comply with the same, the Trustee respectfully requests this Honorable Court to dismiss the instant case.

**WHEREFORE,** the Trustee respectfully requests this Honorable Court to, **after notice and opportunity for a hearing,** pursuant to 1307(e) dismiss the instant bankruptcy case for failure to provide evidence of compliance with Section 1308 of the Bankruptcy Code.

**30 DAYS NOTICE:** In accordance with Local Bankruptcy Rule 9013-2(h)(2)(H), the Debtor(s), all Creditors and Parties in Interest in this case, are hereby notified that unless an opposition to this motion to dismiss is submitted in writing within **30 days** from the date appearing in the certificate of service, the Court may grant this motion, or convert the case to a Chapter 7, without a hearing.

**CERTIFICATE OF SERVICE:** The Chapter 13 Trustee certifies a copy of this motion has been served by regular U.S. Mail on this same date to: the DEBTOR(s) and her/his/their attorney and all Creditors and Parties in Interest to their respective addresses of record as they appear in the attached master address list to the address of record, if any are not registered CM/ECF system participants.

In San Juan, Puerto Rico this, August 16, 2011.

/s/ Jose R. Carrion
Jose R. Carrion
Chapter 13 Trustee
PO Box 9023884
San Juan, PR 00902
Tel.(787)977-3535
Fax (787)977-3550

JOSE R. CARRION
PO BOX 9023884, OLD SAN JUAN STATION
SAN JUAN, PR 00902

MARIA DE LOS ANGELES GONZALEZ, ESQ.
US POST OFFICE & COURTHOUSE
300 RECINTO SUR ST., SUITE 109
OLD SAN JUAN, PR 00901

JUAN O CALDERON LITHGOW*
PO BOX 1710
VEGA BAJA, PR  00694-1710

DEPARTMENT OF TREASURY
PO BOX 9024140
SAN JUAN, PR 00902

UNEMPLOYMENT INSURANCE
PUERTO RICO DEPT OF LABOR
12 FLOOR 505 MUNOZ RIVERA AVE.
SAN JUAN, PR 00918

WILSON JESEPH CENTENO NIEVES
SANTA ROSA
CALLE PAVO REAL BUZON 3041
VEGA BAJA, PR  00693

ASUME
PO BOX 71414
SAN JUAN, PR  00936-8514

JESSICA MELENDEZ
CARR 820 SECTOR MARZAN 5850
TOA ALTA, PR  00953

JUAN O CALDERON LITHGOW*
PO BOX 1710
VEGA BAJA, PR  00694-1710

ISLAND FINANCE A DIVISION OF SANTANDER FINANCIAL
PO BOX 195369
SAN JUAN, PR  00919-5369

MIDLAND CREDIT MANAGEMENT INC
8875 AERO DRIVE
SUITE 200
SAN DIEGO, CA  92123

ASUME
C/O IVELISSE TORO ZAMBRANA
PO BOX 7719
PONCE, PR  00732

PR ACQUISITIONS LLC
250 MUNOZ RIVERA AVENUE SUITE 1200
HATO REY, PR  00918

WILSON JESEPH CENTENO NIEVES
SANTA ROSA
CALLE PAVO REAL BUZON 3041
VEGA BAJA, PR  00693

,    00000

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:
WILSON JESEPH CENTENO NIEVES

CASE NO. 11-02602-ESL

CHAPTER 13

DEBTOR (S)

AFFIDAVIT FOR DEFAULT JUDGEMENT
PURSUANT TO SECTION 201(b)(4)
OF THE SERVICEMEMBERS CIVIL RELIEF ACT OF 2003

I , crosario , clerk for the Chapter 13 & 12 Trustee's Office, declare under penalty of perjury, the following:

That according to the enclosed certification, provided by the Department of Defense Manpower Data Center (DMDC), the Debtor(s) is (are) not in active duty or under call to active duty as a member(s) of the Army, Navy or Air Forces of the United States of America; the National Guard; the Public Health Service or the National Oceanic and Atmospheric Administration.

To certify the above statement I sign this affidavit,

In San Juan, Puerto Rico, August 15, 2011.

*Carmen R. Rosario*

Department of Defense Manpower Data Center    Aug-15-2011 08:32:58



Military Status Report
Pursuant to the Service Members Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| CENTENO NIEVES | WILSON JESEPH | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).



_____
Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

*More information on "Active Duty Status"*
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.
Report ID:GUVT57Q21I